UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:15CV-P10-GNS

**MARCUS J. LAWRENCE SR.**                                                                                      **PLAINTIFF**

v.

**MITCH MCCONNELL** *et al.*                                                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Marcus J. Lawrence Sr. filed a complaint which he captioned as a "TITLE 18 U.S.C.A. § 1506 CRIMINAL COMPLAINT TO APPLY CIVIL SANCTIONS AGAINST ALL DEFENDANTS" (DN 1). Plaintiff sues fifteen public officials and judges, including Senator Mitch McConnell, the Honorable Senior Judge Thomas B. Russell, Governor Steven L. Beshear, Kentucky Supreme Court Chief Justice John D. Minton, and Kentucky Attorney General Jack Conway.

### I.

As grounds for his complaint, Plaintiff states, "Pursuant to Title 18 U.S.C.A. § 1506 states it is The Obstruction Of Justice for 'Any' Person to feloniously steal, take away, alter or avoid any record, writ, (discovery) process or any other proceeding in any court in the United States . . . ." He maintains that "violent criminal offenses" have been committed against him and that Defendants conspired against him to destroy surveillance videos of the crimes. Plaintiff further states as follows:

> It is a fact that if "Any" JUDGE, GOVERNOR, SENATOR, CONGRESSMAN or THE PRESIDENT of the UNITED STATES allows, accepts or constitutes this criminal perjury "becomes a member" of the fraud & conspiracy, and must be held fully responsible for all that has been done by all coconspirators that are tortfeasors.

Plaintiff contends that Attorney General Conway "is participating and refuses to prosecute corrupt state officials who comitted violent criminal offenses knowingly with intent, is evidence that will support a conviction under the Hobbs act." He states that Defendants should be criminally charged with violations as follows:

> Title 18 U.S.C.A. sections: 241, 242 & 243 (Criminally depriving Marcus J. of all civil rights to a fair trial & due process), 1028 (Identity fraud & Theft), 1503, 1505, 1506, 1509, 1510, 1512 & 1513 (The Obstruction of Justice), 1621, 1622 & 1623 (Perjury), 1951 (Interference with Marcus J.'s commerce by the use of threats, excessive force, torture, hate crimes, robbery & extortion), 1957 (The unlawful engagement in monetary transactions in March J. of the Lawrence family's personal property derived from fraud and violent criminal activity), 1958 (Interstate commerce facilities (The Commonwealth of Kentucky Department of Corrections) in commission of murder for hire) & 2340(A)(c) (The use of Torture as inhuman, degrading, cruel & unusual treatments & punishments) in direct violation of the Fourth, Fifth, Sixth, Eighth, Thirteenth & Fourteenth Amendments of The United States Federal Constitution, to serve a 20 year term of imprisonment.

## II.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir.

2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen*, 511 U.S. at 377.

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Plaintiff is a private citizen and cannot initiate criminal charges against anyone. He therefore fails to establish the Court's subject-matter jurisdiction over this action, and the action must be dismissed. To the extent that any of the claims could be construed as claims brought under 42 U.S.C. § 1983, Plaintiff states in his cover letter enclosing this and several other complaints filed on the same day, that "these civil actions are not Title 42 § 1983 complaints and are not to be filed as one. I am not interested in filing a 1983 complaint against these defendants." Therefore, the Court does not construe any of the claims as being brought under § 1983.

For the foregoing reasons, the Court will dismiss the action under Fed. R. Civ. P. 12(h)(3) by separate Order.

Date: February 11, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff Lawrence, *pro se*
     Defendants
4416.010

3